IN THE SUPREME COURT OF THE STATE OF DELAWARE

DARREL PAGE,                          §
                                      §
     Defendant Below,                 §   No. 488, 2016
     Appellant,                       §
                                      §   Court Below—Superior Court
     v.                               §   of the State of Delaware
                                      §
STATE OF DELAWARE,                    §   Cr. ID No. 9911016961
                                      §
     Plaintiff Below,                 §
     Appellee.                        §

Submitted: October 31, 2016
Decided:     November 7, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 7th day of November 2016, it appears to the Court that:

(1)    On October 3, 2016, the appellant, Darrel Page, filed a notice of appeal from a September 14, 2016 Superior Court order denying his motion to compel the production of documents in his former counsel's possession. The Senior Court Clerk issued a notice to show cause directing Page to show why his appeal should not be dismissed based on this Court's lack of jurisdiction under Article IV, § 11(1)(b) of the Delaware Constitution to hear an interlocutory appeal in a criminal case. In his response to the notice to show cause, Page contends that this Court has jurisdiction to hear his appeal and argues the merits of his appeal.

(2)     Under the Delaware Constitution, this Court may review only a final judgment in a criminal case.[1] The Superior Court's denial of Page's motion to compel is an interlocutory, not final, order.[2] This Court therefore does not have jurisdiction to review this appeal.[3]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] Del. Const. art. IV, § 11(1)(b).

[2] *See, e.g.*, *Whitfield v. State*, 2007 WL 2751208, at *1 (Del. Aug. 13, 2007) (describing denial of motion to compel discovery as an interlocutory order); *Cooper v. State*, 2004 WL 3186198, at *1 (Del. Dec. 29, 2004) (concluding that denial of motion to compel was an interlocutory order).

[3] *Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997).